IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
JAN 1 8 2005
CLERK, U.S. ...
WESTERN D...
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | NO. P-04-CR-220 |
| | ) | |
| RUSSELL ADAM QUIETT | ) | |

## PLEA AGREEMENT

I, RUSSELL ADAM QUIETT, and the United States Department of Justice, by the United States Attorney's Office for the Western District of Texas (hereafter "the Government"), enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

### The Defendant's Promises

1. I agree to plead guilty to Counts Two and Three of the above-captioned indictment. Count Two charges me, in the Western District of Texas, beginning in approximately January 2003 and continuing until approximately July 2004, with using the Internet to knowingly persuade, induce and entice a minor female to engage in sexual activity for which I could be charged with a criminal offense in Texas state court, specifically aggravated sexual assault (Tex. Penal Code § 22.021(a)(1)(B)) and indecency with a child (Tex. Penal Code § 21.11), all in violation of Title 18, United States Code, Section 2422(b). As to Count Two, I agree that the applicable possible penalties are as follows:

| | | |
|---|---|---|
| a. | Minimum prison sentence | 5 years |
| b. | Maximum prison sentence | 30 years |
| c. | Maximum fine | $250,000 |

39

|   |   |   |
|---|---|---|
| d. | Maximum supervised release term | 5 years |
| e. | Mandatory special assessment | $100 |

Count Three charges me, in the Western District of Texas, between the approximate months of March and July 2004, inclusive, with knowingly receiving, by computer, visual depictions of a minor female who was engaging in sexually explicit conduct, specifically the lascivious exhibition of her genitalia, and which depictions had been shipped or transported in interstate commerce, all in violation of Title 18, United States Code, Section 2252(a)(2). As to Count Three, I agree that the applicable possible penalties are as follows:

|   |   |   |
|---|---|---|
| a. | Minimum prison sentence | 5 years |
| b. | Maximum prison sentence | 20 years |
| c. | Maximum fine | $250,000 |
| d. | Maximum supervised release term | 3 years |
| e. | Mandatory special assessment | $100 |

2. I agree that I am guilty of the offenses to which I will plead guilty, and I agree that the following facts are true:

I am 28 years old. In 2003 and 2004, I commenced a relationship with a minor female in Alpine, Texas. She was 13 when I first met her, and later turned 14 during the time I knew her. Eventually the relationship became sexual, and although she initially told me she was older, I do not dispute that during the course of our relationship I became fully aware of her actual age. The sexual conduct in which we engaged included vaginal and oral intercourse.

Before our relationship became sexual, we communicated with each other via email very often. I used a Juno account and the minor female used a Hotmail account, which meant that our messages

to each other traveled through servers outside of the State of Texas. Our email correspondence began largely with discussions of books, art, music and the like. Over time, however, I gradually introduced sexual topics into our email discussions. After our relationship became sexual, our email correspondence continued. In some of these subsequent emails we made arrangements for where to meet to have sex, and we sometimes would discuss via email, in explicit terms, what we had done together sexually and what I wanted for us to do together sexually in the future. Many of these messages were saved by the minor female and are now in the possession of federal authorities.

In the Spring of 2004, encouraged by me, the minor female began taking explicit photos of herself, using a webcam, and emailed them to me. I told her I enjoyed the photographs and asked for more of them. She sent such photographs to me over a period of time. In some of the photographs the minor female is depicted inserting objects, such as a curling iron, into her vagina. While I desired these photographs, viewed them, and was fully aware of what I was receiving, I ultimately destroyed them and did not transmit them to anyone else.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the Government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgement, and orders of the Court. I also agree to waive any right I may have to appeal my sentence.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated, or that the prosecutor engaged

in misconduct of a constitutional dimension. I further agree that, as a consequence of this plea agreement, I am not a "prevailing party" for the purpose of seeking attorneys' fees under Pub.L. No. 105-119, Section 617 (the "Hyde Amendment), and I waive any and all claims against the Government under this law.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered.

7. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the Government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release any of my funds and my property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

8. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence; violate the terms of my pretrial release (if any); intentionally provide false information or testimony to the Court, the Probation Office, Pretrial Services, or the Government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the Government will be released from all of its promises, but I will not be released from my guilty plea. **I understand that should I fail to appear for sentencing, abscond from my residence at Dismas Charities, or in any way seek to contact the minor female or her family before my sentencing date, the Government will have the unilateral option of either: (1) abrogating this Plea Agreement in its entirety; or (2) withdrawing from any of the recommendations and/or joint stipulations**

4

**contained in it.**

9. I agree that this Agreement contains all of the promises and agreements between the Government and me, and I will not claim otherwise in the future.

10. I agree that this Agreement binds the United States Attorney's Office for the Western District of Texas only, and does not bind any other federal, state, or local agency.

**The Government's Promises**

11. At the time of sentencing, the Government agrees to dismiss Count One of the indictment pending against the defendant. The Government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the pending indictment. The Government may tell the Court and the U.S. Probation Department about the full extent of the defendant's criminal activities, however.

12. Because of Defendant's prior service in law enforcement, the Government agrees to recommend to the Probation Office, the Court, and the United States Bureau of Prisons that Defendant's incarceration placement take into account Defendant's safety concerns about being housed with persons previously involved in narcotics smuggling. Defendant recognizes, however, that where is he assigned to serve his sentence is ultimately a decision for the United States Bureau of Prisons.

**Joint Stipulation Concerning Punishment**

13. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Defendant and Government agree that a sentence of **100 months** in the United States Bureau if Prisons is appropriate for Counts Two and Three, such sentences to be served **concurrently**. If the Court accepts this Plea Agreement, this proposed sentence will binding on the Court. If the Court rejects the Plea Agreement, all the

provisions of the Plea Agreement will be inoperative.

14. All other sentencing issues, such as fines, restitution, and the terms of supervised release, will be determined by the Court after the completion of a Presentence Investigative Report. The parties reserve the object to any aspect of the sentence other than the length of the term of incarceration.

**Joint Stipulation Concerning Continued Bond**

15. The Government and Defendant agree to recommend to the Court that Defendant remain on bond, in residence at Dismas Charities in Midland, Texas, until the time of sentencing. Defendant agrees that he will not travel to Brewster County during that time period, nor ask permission from Pretrial Services to do so. Defendant agrees that immediately after sentencing, he will surrender into the custody of the United States Marshal's Service. The parties recognize, however, that Defendant's continued bond is a decision for the Court, upon consultation with the recommendation of Pretrial Services.

**Government's Statement Concerning Victim**

16. The Government avers that this proposed plea agreement has been thoroughly discussed with the minor female's mother and stepfather, and they have no objection to it.

**The Defendant's Affirmations**

17. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he/she has provided me with all the legal advise that I requested.

18. I confirm that while I considered signing this Agreement and, at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

19. I confirm that my decision to enter a guilty plea is made knowing the charges that have been

brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Date: 1-18-05

*[signature]*
RUSSELL ADAM QUIETT
Defendant

Date: 1-18-05

JOHNNY SUTTON
UNITED STATES ATTORNEY

By: *[signature]*
JOHN S. KLASSEN
Assistant United States Attorney
State Bar No. 11553500
400 W. Illinois, Suite 1200
Midland, Texas 79701
(432) 686-4110

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he/she is giving up by pleading guilty, and based on the information now known to me, his/her decision to plead guilty is knowing and voluntary.

Date: 1-18-05

*[signature]*
RANDY WILSON
Attorney for Defendant

7